UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO: 2:14 CR 28 |
| | ) | |
| EDWIN TOLLINCHI-RODRIGUEZ, | ) | |
|     Defendant | ) | |

### SENTENCING MEMORANDUM

Comes now the Defendant, by counsel, and submits the following memorandum in aid of sentencing.

Edwin Tollinchi Rodriguez pled guilty to an offense under 18 U.S.C. §2423 and faces a sentence of 10 years to life in prison.

Ordinarily, there is a wide spread between statutory maximums and the Guideline range. And while the phrase "off the charts" is a good one when we are talking about record sales or movie attendance, it's not so good when we have that situation in an offense level conclusion in a Pre-Sentence Report.

In fact, it would be easy just to use the Guidelines for the sentencing of the Defendant, knowing that a Guideline sentence is not going to be overturned and ignore the statutory minimum or maximum. But Congress must have intended for judges to use their discretion in setting the punishment for this offense because of the wide range of years for a sentence contained in the applicable statute.

Here, the Defendant is 30 years old and a life sentence would certainly seem to be a sentence of more than 50 years. It certainly seems a greater than necessary sentence which is prohibited by 18 U.S.C. §3553.

While this Court has no doubt many times heard the elements of 18 U.S.C. §3553, it is appropriate to address them again in a case such as the one before the

Court involving this Defendant. Once again, the statute calls for a sentence that would be sufficient, but not greater than necessary to comply with the purposes laid out in the appropriate section of the statute which require the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrents to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

Accordingly, Tollinchi-Rodriguez should be eligible for a variance under U.S.S.G. 5H1.3. The policy statement notes that "[M]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from typical cases covered by the Guidelines.

## I. TOLLINCHI-RODRIGUEZ'S BACKGROUND

The Defendant dropped out of the seventh grade in Puerto Rico. He said he dropped out because he failed a lot and, as an adult, he attempted to obtain his G.E.D. but stopped attending classes because he was "bad at learning."

Tollinchi-Rodriguez also has a history of abusing alcohol and drugs. And while those abuses are certainly self-inflicted, they are simply indicative of where he was doomed to end up given his mental capacities. Tollinchi-Rodriguez's forensic examination indicated that his non-verbal intellectual functioning when compared to standard norms of his age group was higher than only two percent of his peers. While the evaluator indicated there could be some reasons to consider this an

underestimate, the factors cited indicate more likely that the second percentile might be an overestimate.

The evaluator noted that he demonstrated impulsivity in choosing his responses and had a low frustration tolerance. When things got more difficult, he easily gave up. The testers also noted that Tollinchi-Rodriguez's personality dimensions indicated that he responded in an unusual manner and claimed an unrealistic amount of virtue while also endorsing a great number of psychological difficulties. The report also stated that his profiled presented "A picture of physical problems and a reduced level of psychological functioning."

And while the evaluators eventually found Tollinchi-Rodriguez competent, they also diagnosed him as having an adjustment disorder that was a psychological response to identifiable stressors that results in the development of clinically significant emotional or behavioral symptoms.

## II  SENTENCING RECOMMENDATION

With an eye towards 18 U.S.C. §3553, it is clearly unnecessary to sentence the Defendant to life in prison. While no one wants to go to prison for any length of time, a sentence of 20 years would certainly send the right signal regarding offenders like Tollinchi-Rodriguez.

Respectfully submitted,

_/s/ Michael W. Bosch_
Michael W. Bosch
Indiana Attorney Registration No.: 2852-45

3235 – 45th Street, Suite 301
Highland, Indiana  46322
Telephone:  (219) 972-2000
Fax No.:  (219) 838-1909
e-mail:  mbosch@netnitco.net

3

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of November, 2015, I electronically filed Sentence Memorandum on behalf of Defendant Edwin Tollinchi-Rodriguez with the Clerk of the Court by using the CM/ECF system, which sent notification of such filing to the following:

    Jill Koster         Jill.Koster@usdoj.gov
                      Toni.washington@usdoj.gov

    I further certify that I have caused the foregoing to be served by United States First Class Mail, postage prepaid, upon the following non CM/ECF participants:

    None

                      /s/ Michael W. Bosch
                      Counsel for Defendant
                      Edwin Tollinchi-Rodriguez